UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RA-KEEM ABDUL WHITE,

    Plaintiff,

v.

JOHN CHRISTIANSEN et al.,

    Defendants.

Case No. 25-11002
Honorable Laurie J. Michelson

## ORDER SUMMARILY DISMISSING COMPLAINT [1]

While incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan, Ra-Keem Abdul White filed this *pro se* lawsuit alleging Fourth Amendment violations by Michigan Department of Corrections officials. (ECF No. 1.) But since the filing of his complaint, White's mail has been returned as undeliverable. (*See* ECF Nos. 6, 7.) It appears that White was released from Michigan custody just days after the start of his case, yet he has failed to inform the Court of his new address. Because he has failed to comply with Eastern District of Michigan Local Rule 11.2 and this Court's orders, the Court will dismiss White's complaint without prejudice.

### I.

Around April of 2025, White filed this civil rights complaint under 42 U.S.C. § 1983 against the SLF warden and three corrections officers. He alleges that he was scheduled to be released from prison on January 15, 2025, and had been medically cleared following a negative drug test but that the defendants conspired to kidnap him and refused to allow him to leave. (*Id.* at PageID.5–6.) He says they falsely

accused him of intoxication, issued him a substance abuse misconduct charge of which he was later found not guilty, and continued to unlawfully detain him "without cause or reason for over 30 days" and through the time he filed suit. (*Id.* at PageID.5; *see id.* at PageID.5–7, 17–18.) White requests immediate release and monetary damages. (*Id.* at PageID.8.)

White's complaint is dated March 12, 2025. (ECF No. 1, PageID.14.) It was received by the Court on April 8, 2025, and docketed on April 10, 2025. On April 11, 2025, the Court issued a Notice Regarding Parties' Responsibility to Notify Court of Change of Address. (ECF No. 4.) That notice instructs that "you are required, pursuant to E.D. Mich. LR 11.2, to promptly file a notice with the Clerk . . . whenever your address . . . and/or other contact information changes" and that "failure to promptly notify the court of a change in address or other contact information may result in the **dismissal** of your case." (*Id.* at PageID.30 (emphasis in original).) The Court also issued an order directing White to pay an initial partial filing fee of $8.45 and to make monthly payments in accordance with 28 U.S.C. § 1915(b). (ECF No. 5.)

Both the notice and order were returned as undeliverable. (ECF Nos. 6, 7.) The envelope for the notice states that the mail was being returned to the Court because the recipient was "paroled/discharged." (ECF No. 6, PageID.32.) And according to MDOC's Offender Tracking Information System, White was released on parole/supervision on April 16, 2025. *Offender Tracking Info. Sys.*, Mich. Dep't of Corr., https://perma.cc/962A-8E9M; *see also Ward v. Wolfenbarger*, 323 F. Supp. 2d

818, 821 n.3 (E.D. Mich. 2004) (noting that "this Court is permitted to take judicial notice of" information on OTIS).

Yet White has not informed the Court of his new address. (*But see* ECF No. 4 (Notice Regarding Parties' Responsibility to Notify Court of Change of Address)); E.D. Mich. LR 11.2 (requiring that parties "promptly" file with the Court any change in address and providing that "[t]he failure to file promptly current contact information may subject that person or party to appropriate sanctions, which may include dismissal"); *Yeschick v. Mineta*, 675 F.3d 622, 630 (6th Cir. 2012) ("[I]t is the party, not the court, who bears the burden of apprising the court of any changes to his or her mailing address."). So dismissal is warranted here.

## II.

Under Federal Rule of Civil Procedure 41(b), the Court has "substantial discretion," *Est. of Chubb v. Daimler Trucks N. Am. LLC*, 850 F. App'x 358, 360 (6th Cir. 2021), to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court," Fed. R. Civ. P. 41(b). "The Court can do so on its own, without prompting from Defendant as part of its tools to manage its own docket." *Fordson, Inc. v. City of Dearborn*, No. 18-12110, 2020 WL 6342672, at *2 (E.D. Mich. Oct. 29, 2020); *see Chubb*, 850 F. App'x at 360 ("[D]istrict courts enjoy substantial discretion to manage their dockets, and they may employ Rule 41 as a tool 'to manage their dockets and avoid unnecessary burdens on both courts and opposing parties.'" (citations omitted)); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss

3

sua sponte a lawsuit for failure to prosecute."). And while "dismissal of a claim for failure to prosecute is a harsh sanction," *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005), "dismissal *without prejudice* is a comparatively lenient sanction, and thus the controlling standards should be greatly relaxed in [such] cases . . . because the dismissed party is ultimately not irrevocably deprived of his day in court," *Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 556 (6th Cir. 2004).

When reviewing a district court's dismissal under Rule 41(b), the Sixth Circuit considers four factors: whether the failure was due to willfulness, bad faith, or fault; "whether the dismissed party was warned that failure to cooperate could lead to dismissal"; whether less drastic sanctions were imposed or considered before dismissal; and whether the opposing party was prejudiced. *Saulsberry v. Holloway*, 622 F. App'x 542, 545 (6th Cir. 2015). These factors "are *not* required 'elements'" but rather "are merely guideposts or points of departure for the overall 'abuse of discretion' analysis" on appellate review. *Muncy*, 110 F. App'x at 556.

The four factors support dismissal here. *See, e.g.*, *Rettig v. Bendarski*, No. 24-10299, 2024 WL 1889209, at *1 (E.D. Mich. Apr. 29, 2024) (dismissing *pro se* prisoner civil rights complaint for failure to prosecute and failure to comply with Local Rule 11.2 where plaintiff did not provide new address following release on parole).

Under the first factor, White is at fault for failing to comply with Local Rule 11.2 and this Court's orders to provide his updated address (*see* ECF No. 4) and make partial filing fee payments under 28 U.S.C. § 1915(b) (*see* ECF No. 5). *See Gomez v. Deangelo*, No. 18-14080, 2020 WL 7038612, at *2 (E.D. Mich. Apr. 2, 2020) ("With

4

respect to the first factor, [the *pro se* plaintiff] has failed to respond to defendant's motion and failed to provide the Court with an address with which to communicate with him, showing willfulness or fault on [the plaintiff's] part. After invoking the processes of this Court, he had an affirmative duty to apprise the Court of his mailing address and to monitor the docket. His violation of that duty supports a dismissal for failure to prosecute."), *report and recommendation adopted*, 2020 WL 7024862 (E.D. Mich. Nov. 30, 2020); *Reeves v. TDOC*, No. 21-411, 2022 WL 4227216, at *1 (E.D. Tenn. Sept. 13, 2022) (dismissing *pro se* prisoner civil rights complaint under Rule 41(b) and finding "willfulness or fault" under the first factor where "it appears that Plaintiff did not receive or comply with that order [to show cause] because he failed to update the Court as to his most recent address, monitor this case, or diligently prosecute this action, as the Court's Local Rule requires"); *Rettig*, 2024 WL 1889209, at *1 ("It has been over 30 days and Plaintiff has yet to notify the Court of his new address. Since Plaintiff is presently paroled, the Court has no means of contacting him and, therefore, deems the case abandoned due to his inaction. Consequently, the first factor weighs in favor of dismissal.").

The second factor also weighs in favor of dismissal. White was informed of his obligation under Local Rule 11.2 to "promptly notify the court of a change in address," and he was specifically warned that failure to do so could result in dismissal. (ECF No. 4.) Likewise, Local Rule 11.2 itself put White on notice of his obligation. *See Groom v. Wayne Cnty. Sheriff*, No. 24-10183, 2024 WL 1144284, at *3 (E.D. Mich. Feb. 8, 2024) ("[Plaintiff] was warned by both the Court's local rules and its July 2022

5

order [i.e., an identical Notice Regarding Parties' Responsibility to Notify Court of Address Change] that the failure to keep his contact information up to date could result in dismissal."), *report and recommendation adopted*, 2024 WL 1142848 (E.D. Mich. Mar. 15, 2024); *Matthews v. Copeland*, 286 F. Supp. 3d 912, 915 (M.D. Tenn. 2017) ("[I]t is incumbent upon litigants, even those proceeding *pro se*, to follow the rules of procedure, and this includes local and state court rules." (citation modified) (collecting cases)), *aff'd*, No. 18-5070, 2019 WL 3286176 (6th Cir. May 29, 2019).

Under the third factor, "the Court concludes that dismissal is the only appropriate sanction at this stage of the case." *Rettig*, 2024 WL 1889209, at *2. As another court in this District put it:

> Over 60 days have passed since Plaintiff was released on parole and the length of delay in providing a notice of new address suggests that he will not return to Court to prosecute his case. The Court expends significant resources addressing *pro se* cases, brought by prisoners and non-prisoners. When a *pro se* plaintiff fails to prosecute a case, the Court should be able to use Fed. R. Civ. P. 41(b) as a tool to manage its docket and to avoid 'unnecessary burdens' on both the Court and the defendants. It creates unnecessary burdens when a *pro se* plaintiff files a lawsuit, but does nothing to advance the lawsuit.

*Id.* (quoting *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999)); *see Gomez*, 2020 WL 7038612, at *2 ("[T]here is no less drastic sanction available because the Court has no means of communicating with Gomez [following his release on parole]. Notably, the Court has no obligation to search for Gomez. . . . '[D]ismissal is the only appropriate remedy' because Gomez 'has effectively abandoned the case.'"); *Groom*, 2024 WL 1144284, at *2 ("So too, [Plaintiff's] failure to update his address prevents the Court from administering this action and clogs the Court's docket with ostensibly

6

abandoned claims."). Here, far more time has passed than in *Rettig*—almost 180 days. *Cf. Reeves*, 2022 WL 4227216, at *1 ("[T]he Court finds that alternative sanctions are not warranted, as the Court granted Plaintiff leave to proceed *in forma pauperis* in this action, he has failed to comply with the Court's clear instructions [to provide his updated address], and it does not appear that he intends to proceed with this case.").

The final factor is neutral; no defendant has been prejudiced given that White's complaint was never served.

On balance, the above factors support dismissal without prejudice under Rule 41(b).

## III.

In sum, White filed this lawsuit seeking his release from prison. Shortly thereafter, he received this relief. And for the past six months he has neglected to notify the Court of his new address or give any other indication that he wished to continue with this litigation. Thus, for the reasons stated, the Court DISMISSES WITHOUT PREJUDICE White's complaint (ECF No. 1).

The Court also concludes that an appeal from this order cannot be taken in good faith and thus declines to grant *in forma pauperis* status on appeal. *See* 28 U.S.C. § 1915(a)(3).

SO ORDERED.

Dated: October 8, 2025

                                       s/Laurie J. Michelson
                                       LAURIE J. MICHELSON
                                       UNITED STATES DISTRICT JUDGE